ROXANNE A. FOLSTAD, INDIVIDUALLY AND AS TRUSTEE
FOR THE HEIRS OF ARLENE I. FOLSTAD AND ANOTHER,
v. FARMERS INSURANCE EXCHANGE.

210 N. W. 2d 238.

August 17, 1973—No. 43740.

*Chestnut, Brooks & Burkard* and *Joseph T. Burkard,* for appellant.
*Rider, Bennett, Egan, Johnson & Arundel* and *Chester D. Johnson,*
for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin,
JJ.

PER CURIAM.

Minn. St. 1967, § 72A.149,[1] since amended,[2] mandated uninsured mo-

---

[1] Minn. St. 1967, § 72A.149, provided in part: "Subdivision 1. No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless coverage is provided therein or supplemental thereto * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including colliding motor vehicles whose operators or owners are unknown or are unidentifiable at the time of the accident, and whose identity does not become known thereafter, because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject in writing such coverage; *and provided further that,* unless the

torist coverage in automobile liability insurance policies unless such coverage was rejected in writing. An exemption from this written-rejection requirement was provided for transactions involving the renewal of a policy where the coverage had previously been rejected by the insured. The issue in this case is whether the statutory requirement of written rejection applies in a situation where a policy, issued prior to the effective date of § 72A.149, is amended after the effective date so as to include an additional driver within the coverage of the policy.

---

named insured requests such coverage in writing, *such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.* * * *

\* \* \* \* \*

"Subd. 5. This section shall take effect with respect to automobile liability and motor-vehicle liablity policies or renewals with an *inception* date on and after January 1, 1968." (Italics supplied.)

[2] The present uninsured motorist provision with respect to individual owners of motor vehicles is contained in Minn. St. 65B.22, subd. 3: "No automobile liability or motor vehicle liability policy of insurance, included within the definition of policy of automobile liability insurance contained in subdivision 1, insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including colliding motor vehicles whose operators or owners are unknown or are unidentifiable at the time of the accident, and whose identity does not become known thereafter, because of bodily injury, sickness or disease, including death, resulting therefrom. The policy limits of the coverage required by this section shall be at least equal to the amount set forth in section 170.25, subdivision 3, until January 1, 1971; thereafter, at the option of the insured, the uninsured motorist limits shall be equal to those provided in the policy of bodily injury liability insurance of the insured or for such lesser limits as are designated in writing by the insured, which may not be less than the amount set forth in section 170.25, subdivision 3."

Under the present form of uninsured motorist coverage, an individual must carry a minimum amount of coverage.

On December 14, 1966, appellant's father (Folstad), who died March 30, 1972, entered into a contract of insurance with defendant Farmers Insurance Exchange (Farmers) under which policy Farmers provided automobile liability insurance for Folstad. No medical payments or uninsured motorist coverage was provided in the policy. Folstad had orally rejected uninsured motorist coverage in connection with the policy issued in 1966. Prior to January 1, 1968, a rejection of uninsured motorist coverage did not have to be in writing. The 1966 policy was renewed twice—June 14, 1967, and December 14, 1967.

In early January 1968, during the third renewal period and after the effective date of Minn. St. 1967, § 72A.149 (which was January 1, 1968), Folstad applied to have his daughter added to the policy. On January 12, 1968, Farmers issued a declarations sheet containing a "rate class change" and a premium increase of $6.97 to compensate for the additional driver. Although Farmers did not issue a new policy, an instruction on the lower righthand corner of the declarations sheet stated: "ATTACH TO YOUR POLICY." Folstad remained as the sole named insured on the policy itself.

Folstad was not informed of or afforded an opportunity to accept or reject uninsured motorist coverage in connection with the January 12, 1968, transaction. He neither requested nor rejected such coverage in January 1968.

On February 5, 1968, Folstad's wife and a minor daughter were killed in a collision with an uninsured automobile while occupying the insured vehicle. In an action for declaratory judgment brought by Roxanne Folstad, individually and as trustee for the heirs of the decedents, to establish coverage under the policy pursuant to Minn. St. 72A.149, the district court ruled that the statutory requirement of written rejection was inapplicable to the January 12, 1968, transaction and that Folstad's oral rejection in 1966 was effective. Appellant's claim of coverage was accordingly denied. We disagree.

By the statute applicable on January 12, 1968, uninsured motorist coverage must have been rejected in writing unless the particular transaction involved only the renewal of a prior policy with respect to which the insured had already rejected such coverage. Since the January 12, 1968, transaction was more than a renewal and no written rejection occurred at that time, uninsured motorist coverage existed at the time of the accident. We are persuaded that to hold otherwise would frustrate the important policy considerations that prompted the legislature to restrict, and eventually abolish, the written-rejection exemption. If the addition of a driver to a policy does not involve more than a renewal, then the addition of a second car or the changing of the auto-

mobile covered by the policy could also arguably fall within the statutory exemption. If this were allowed, then the large number of policies originally issued before January 1, 1968, which are "renewed" each year would never have been affected by the amended statute.

The language in § 72A.149 referring to "in or supplemental to a renewal policy" does not qualify the exemption contained in the statute. We perceive no impermissible impairment of contractual obligations in the application of a statute to these significant transactions involving automobile liability policies.

To allow a statutory exemption on the basis of the form of the transaction and the documentation involved—matters solely within the control of the insurer—is to allow the application of the statute to be controlled by the insurer. Such form and documentation begin to control over the substance of the transaction when we become concerned with whether the additional driver is named on the policy or whether the change is accomplished by a new declarations sheet as opposed to a new policy.

Reversed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.